IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Wiley Y. Daniel**

Civil Action No.   11-cv-00651-WYD-KMT

MARIA AND JERRY WILLIAMS,

   Plaintiffs,

v.

COUNTRY MUTUAL INSURANCE COMPANY,

   Defendant.

---

**ORDER**

---

This matter is before the Court on the following motions regarding summary judgment: 1) Plaintiff's Motion for Partial Summary Judgment Pursuant to FRCP 56 Dismissing Defendant's Third and Eighth Affirmative Defenses of Non-Parties at Fault and Striking Defendant's Designation of Non-Parties at Fault, [ECF No. 21], filed September 9, 2011; 2) Defendant's Motion for Summary Judgment, [ECF No. 38], filed December 8, 2011; and 3) Defendant's Motion for Leave to file Supplemental Response to Plaintiff's Motion for Partial Summary Judgment, [ECF No. 69], filed May 3, 2012.

By way of background, this case arises out of the Plaintiffs' insurance claim under a homeowners policy issued by the Defendant, Country Mutual Insurance Company ("Country").   Sometime on or before January 6, 2009, several pipes froze and burst in the Fort Collins home of Jerry and Maria Williams ("Plaintiffs" or "the Williams") resulting in nearly 180,000 gallons of water flooding the home and causing attendant asbestos release.  As a result of the flooding and related asbestos contamination, a significant

portion of the Williams' property was damaged.   Country paid all costs associated with repairing the water and asbestos damage to the structure itself.

On the one year anniversary of the claim, January 6, 2010, Country issued a check to the Williams for $10,390.02 in payment of the "actual cash value" of personal property losses under the policy.   The stated coverage for personal property loss under the Williams' policy was $294,450.   The Williams' now contend that Country has wrongfully denied their claim for replacement costs for damaged property and additional living expenses under the policy.

The Williams' originally filed this case against Country in state court on January 5, 2011.   Country removed the case to federal court on March 15, 2011, pursuant to 28 U.S.C. § 1332 based on the diversity of citizenship between the parties.   In the Complaint [ECF No. 2], Plaintiffs assert claims against Country for breach of contract (Claim 1), violation of C.R.S. §§ 10-3-1115 and -1116 (Claim 2) and bad faith breach of an insurance contract (Claim 3).[1]   In its Answer, [ECF No. 4], Country raised several affirmative defenses including, that "damages sustained by the Plaintiffs, if any, were the proximate result of the negligence or fault of some third person or persons over whom Country [] had no control nor right of control (Affirmative Defense 3) and that Plaintiffs' failed to join an indispensable party (Affirmative Defense 8).

With respect to the motions that are currently pending before me, the procedural history is as follows.   On August 4, 2011, Defendants filed a Notice of Designation of

---

[1] In the Complaint, Plaintiffs also assert claims for outrageous conduct (Claim 4) and violation of the Colorado Consumer Protection Act (Claim 5).   However, these claims were subsequently voluntarily withdrawn by the Plaintiff and dismissed by the Court.   See Minute Order of January 23, 2012 [ECF No. 48] (dismissing Claims 4 and 5).

Nonparties at Fault Pursuant to C.R.S. 13-21-111.5, [ECF No. 11], designating Risk Removal, LLC ("Risk Removal") and All Phase Restoration ("All Phase") as nonparties who may be partially or wholly at fault for Plaintiffs' alleged damages in this matter.  On September 9, 2011, Plaintiffs filed a Motion for Partial Summary Judgment Pursuant to FRCP 56 Dismissing Defendant's Third and Eighth Affirmative Defenses of Non-Parties at Fault and Striking Defendant's Designation of Non-Parties at Fault [ECF No. 21]. Country filed its Response to Plaintiff's Partial Motion for Summary Judgment, [ECF No. 30], on October 7, 2011 and Plaintiffs filed their Reply, [ECF No. 33], on October 28, 2011.

Over the next few months discovery progressed and eventually Country filed a Motion for Summary Judgment [ECF No. 38] ("Defendant's MSJ) on December 8, 2011. Plaintiff's filed their Response to Defendant's MSJ, [ECF No. 43], on January 12, 2012 and Country filed its Reply [ECF No. 55], on January 26, 2012.  The discovery cut-off date was extended to May 7, 2012.  Shortly before discovery concluded, on May 3, 2012, Defendant filed a Motion for Leave to file a Supplemental Response to Plaintiff's Motion for Partial Summary Judgment [ECF No. 69] based on documents turned over during discovery that were not available when Defendant filed its initial response.  In their Response to Defendant's Motion for Supplemental Response, [ECF No. 78], filed May 24, 2012, Plaintiffs opposed any additional filing.  Country filed its Reply [ECF No. 81] on June 7, 2012.

Pursuant to Rule 56(c) of the Federal Rules of Civil Procedure, the Court may grant summary judgment where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine

issue as to any material fact and the . . . moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *E.E.O.C. v. Horizon/CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "A fact is 'material' if, under the governing law, it could have an effect on the outcome of the lawsuit." *E.E.O.C. v. Horizon/ CMS Healthcare Corp.*, 220 F.3d 1184, 1190 (10th Cir. 2000). "A dispute over a material fact is 'genuine' if a rational jury could find in favor of the nonmoving party on the evidence presented. *Id.*

The burden of showing that no genuine issue of material fact exists is borne by the moving party. *Horizon/ CMS Healthcare Corp.*, 220 F.3d at 1190. "'Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.'" *Atl. Richfield Co. v. Farm Credit Bank of Wichita*, 226 F.3d 1138, 1148 (10th Cir. 2000) (quotation omitted). When applying the summary judgment standard, the Court must "view the evidence and draw all reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Id.* (quotation marks and citation omitted). All doubts must be resolved in favor of the existence of triable issues of fact. *Boren v. Southwestern Bell Tel. Co., Inc.*, 933 F.2d 891, 892 (10th Cir. 1991). However, "unsupported conclusory allegations do not create a genuine issue of fact." *E.E.O.C. v. C.R. England, Inc.*, 644 F.3d 1028, 1037 (10th Cir. 2011) (citations omitted).

Based upon my review of the pleadings related to the summary judgment motions and after considering the law applicable to this case, I find that genuine issues of material fact exist with regard to the challenged affirmative defenses when I view the evidence in the light most favorable to the non-moving party, Country. Further, I also find that

genuine issues of material fact exist with regard to the claims asserted in the complaint when I view the evidence in the light most favorable to the non-moving party, the Williams. Therefore, it is

ORDERED that Plaintiff's Motion for Partial Summary Judgment Pursuant to FRCP 56 Dismissing Defendant's Third and Eighth Affirmative Defenses of Non-Parties at Fault and Striking Defendant's Designation of Non-Parties at Fault [ECF No. 21], filed September 9, 2011, is **DENIED.**   In light of this decision, it is

FURTHER ORDERED that Defendant's Motion for Leave to file Supplemental Response to Plaintiff's Motion for Partial Summary Judgment [ECF No. 69], filed May 3, 2012, is **DENIED AS MOOT.**   It is

FURTHER ORDERED that Defendant's Motion for Summary Judgment [ECF No. 38], filed December 8, 2011 is **DENIED.**

Dated: September 21, 2012

BY THE COURT:

s/ Wiley Y. Daniel
WILEY Y. DANIEL,
CHIEF UNITED STATES DISTRICT JUDGE